IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3288-BO

| | |
|---|---|
| JOSEPH LOMBARDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| TRACY W. JOHNS, et al., ) | |
| ) | |
| Defendants. ) | |

The matter comes before the court on defendants' motion to dismiss (DE 49) pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). Also before the court is defendants' motion to stay discovery (DE 52). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendants' motion to dismiss and dismisses this action without prejudice to allow plaintiff the opportunity to exhaust his administrative remedies.

**STATEMENT OF THE CASE**

On February 2, 2009, Joseph Lombardo, ("plaintiff"), a federal prisoner, was convicted of racketeering, murder, and obstruction of justice. (See Compl. ¶ 11); (see also Lombardo v. United States, 860 F.3d 547, 549 (7th Cir. 2017). On November 6, 2015, plaintiff brought a complaint, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging violations of his Fifth and Eight Amendment rights regarding his Special

Administrative Measures ("SAMs"). (See Compl. ¶¶ 4, 18). Plaintiff requests a removal of his SAMs, compensatory damages, and declaratory relief. (See id. ¶¶ 48–56).

On August 18, 2017, defendants filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). Defendants argue the following in their motion: plaintiff failed to exhaust his administrative remedies; plaintiff's Bivens claims are not recognized as a cause of action under Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017); plaintiff failed to perfect service of process; defendants are entitled to qualified immunity; and plaintiff specifically fails to state a claim as to defendant Loretta Lynch. On September 1, 2017, plaintiff responded, through counsel, requesting an extension of time to file a response. On September 26, 2017, the court granted plaintiff's motion. Thereafter, on October 9, 2017, plaintiff filed a subsequent motion for extension of time to file a response, which the court granted on October 16, 2017. No response was filed by plaintiff. On December 27, 2017 and January 8, 2018, plaintiff filed correspondence to the court regarding his inability to contact counsel.

## STATEMENT OF THE FACTS

Except as where otherwise identified below, the facts viewed in the light most favorable to plaintiff may be summarized as follows. After being brought into Bureau of Prisons ("BOP") custody in 2006, on February 2, 2009, plaintiff was convicted and sentenced to a term of life imprisonment. (See Compl. ¶¶ 11, 13). Four years later, on April 18, 2013, then-Attorney General Eric Holder implemented SAMs on plaintiff, measures which impose strict restrictions on plaintiff's prison life within the BOP. (See id. ¶ 18). Plaintiff's SAMs were implemented in part as a result of his "proclivity for violence." (See id. ¶ 19). As part of his SAMs, plaintiff is required to live in solitary confinement, with restricted phone access, no access to the media, books, or worship

services. (See id. ¶ 22). Plaintiff contests his SAMs because he has not been the subject of any institutional incident report while incarcerated and because of his medical status. (See id. ¶¶ 15, 16). Plaintiff, at the time this complaint was filed, was 85 years old and confined to a wheelchair. (Id. ¶ 15). On May 21, 2014, the BOP received plaintiff's official grievance, a BP-9 form, challenging his SAMs. (See Lockridge Decl. (DE 51) ¶ 13). On July 14, 2014, the BOP received plaintiff's appeal, a BP-10 form. (Id.). On August 26, 2014, the BOP received plaintiff's second appeal, a BP-11 form, however, on September 23, 2014, the BOP rejected plaintiff's form for improper submission. (Id.). Specifically, plaintiff failed to attach all of the forms necessary for the appeal. (See Lockridge Decl. (DE 51-1) Attach. 1). The BOP requested plaintiff resubmit his BP-11 appeal on the proper form within 5 days of the rejection notice. (See Lockridge Decl. (DE 51) ¶ 13). Plaintiff did not resubmit. (Id.). In his complaint, plaintiff states that he "has exhausted all of his administrative remedies, and to the extent that he might not have exhausted said remedies, avers that further attempts to exhaust same would be fruitless." (Compl. ¶ 9).

## DISCUSSION

A. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction, which is "the courts' statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104; see, e.g., Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the

pleadings without converting the motion into one for summary judgment. See, e.g., Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

B.   Analysis

Defendants contend that plaintiff's claims challenging his SAMs should be dismissed because plaintiff failed to exhaust his administrative remedies. (See Mem. Supp. Mot. Dismiss (DE 50) 10). The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Ross v. Blake, 136 S. Ct. 1850, 1856 (2016); Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532. The PLRA requires a prisoner to exhaust administrative remedies "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007); see Ross, 136 S. Ct. at 1856–57. Failure to exhaust administrative remedies is an affirmative defense that a defendant must generally plead and prove. See Jones, 549 U.S. at 216; Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017); Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

The BOP provides a four-step administrative remedy procedure. The first step in the process requires a prisoner to present his issue to staff in an attempt at informal resolution. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, a prisoner may submit a formal written

4

administrative remedy request to the warden using a BP-9 form. See 28 C.F.R. § 542.14. If a prisoner is dissatisfied with the warden's response, he then may appeal to the BOP's regional director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15. "If a [prisoner's] submission is rejected, then the Administrative Remedy Coordinator shall provide written notice explaining the reasons for rejection, and if the defect is correctable the notice shall provide a reasonable time extension for the [prisoner] to correct the defect." Douglas v. Johns, No. 5:09-CT-3180-FL, 2011 WL 2173627, at *2 (E.D.N.C. June 2, 2011); see 28 C.F.R. 542.17.

Plaintiff asserts in his complaint that he did exhaust his administrative remedies. (See Compl. ¶ 9). He states, "[p]laintiff has exhausted all of his administrative remedies, and to the extent that he might not have exhausted said remedies, avers that further attempts to exhaust same would be fruitless." (Id.) However, plaintiff provides no further explanation than this statement in his complaint, and failed to file a response to defendants' motion for summary judgment. Defendants, alternatively, provide evidence, a declaration by a Senior Attorney at the Federal Correctional Complex in Butner, North Carolina, detailing plaintiff's administrative grievance history. (See Lockridge Decl. (DE 51) ¶¶ 1–2). According to the BOP's Sentry database, plaintiff only filed one BP-11 form, the form which he submitted improperly on August 26, 2014. (See id. ¶ 13). In response, on September 23, 2014, the BOP rejected plaintiff's BP-11 form for failure to submit on the proper form, and gave plaintiff five days to correct and resubmit his form. (See Lockridge Decl. (DE 51-1) Attach. 1). Plaintiff did not resubmit his BP-11 appeal. (See Lockridge Decl. (DE 51) ¶ 13).

Therefore, plaintiff did not properly complete the mandatory exhaustion process before bringing his claims before the court. Plaintiff, additionally, has not shown that he personally was prevented in any way from filing a grievance on the issue. Nor has he demonstrated any other grounds to establish cause or prejudice necessary to excuse his failure to exhaust administrative remedies. Thus, plaintiff's claim is DISMISSED without prejudice to allow him the opportunity to exhaust his administrative remedies. Thus, defendants' motion to dismiss is GRANTED. Accordingly, defendants' motion to stay discovery pending their motion to dismiss is DENIED AS MOOT.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss (DE 49) is GRANTED, and defendants' motion to stay discovery (DE 52) is DENIED AS MOOT. Plaintiff's claims are DISMISSED without prejudice. In the event plaintiff exhausts his administrative remedies for the instant claims and plaintiff is not afforded the desired relief, he may re-file this action. In response to plaintiff's inquiries about the status of his case, the clerk of court is DIRECTED to personally serve a copy of this order to plaintiff at his current place of incarceration. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 25 day of January, 2018.

TERRENCE W. BOYLE
United States District Judge